Rose HARRELL, on behalf of herself and all persons similarly situated, Plaintiff-Appellant,

v.

NORTHERN ELECTRIC COMPANY, DIVISION OF SUNBEAM CORPORATION, Defendant-Appellee.

No. 80–3781.

United States Court of Appeals, Fifth Circuit.

June 21, 1982.

Alison Steiner, Martha Bergmark, Hattiesburg, Miss., for plaintiff-appellant.

Walter W. Christy, New Orleans, La., for defendant-appellee.

ON PETITION FOR REHEARING AND SUGGESTION FOR REHEARING EN BANC

(Opinion April 5, 1982, 5 Cir., 1982, 672 F.2d 444)

Before POLITZ and RANDALL, Circuit Judges.*

PER CURIAM:

We have re-examined our holding in light of the subsequent decision by the Supreme Court in *Pullman-Standard v. Swint*, —— U.S. ——, 102 S.Ct. 1781, 72 L.Ed.2d 66 (1982). Reviewing the record in accordance with the teachings of *Pullman-Standard v. Swint* relative to ultimate and subsidiary facts, and in light of the other authorities cited, we conclude that, except as modified herein, the result and mandate are correct. They are reaffirmed.

We reaffirm our conclusion that the trial judge erred in his assessment of the disparate impact issue. The error committed was essentially an error of law; the district court erred in its application of controlling legal principles to stipulated facts. The district court also erred in its evaluation of the stipulated facts as they related to the disparate impact issue. To the extent the assessment was factual it was clearly erroneous, Fed.R.Civ.P. 52(a). To the extent the assessment involved legal conclusions, it was legally incorrect.

We also reaffirm our conclusion relative to Rose Harrell's claims of discriminatory treatment. Again, the trial judge's factual assessment was clearly erroneous and his legal assessment was in error.

---

* Jack M. Gordon, District Judge of the Eastern District of Louisiana, sitting by designation, was a member of the panel which heard oral argument. Because of his death on March 4, 1982, this case is being decided by a quorum, 28 U.S.C. § 46(d).

The Petition for Rehearing asserts that the rendering of judgment in favor of Betty Dagons, Patricia Ann Pittman and Tommie Jean Smith Hinton is not consistent with the bifurcated status of this litigation. On reconsideration, we agree. That portion of the opinion rendering judgment in favor of Dagons, Pittman and Hinton is recalled and such claims as they may present shall be considered on remand when the district court determines the members of the class and determines the damages and other remedies to which the class, and the members thereof, are entitled.

In all other respects, the Petition for Rehearing is DENIED and no member of this panel nor judge in regular active service on the court having requested that the court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 16) the Suggestion for Rehearing En Banc is DENIED.